UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

November 6, 2019

MEMORANDUM TO COUNSEL RE:  City of Almaty, Kazakhstan, et al. v. Felix Sater, et al.
Civil Action No. GLR-19-2647

Dear Counsel:

Pending before the Court is Proposed Third-Party Witness Aleksandr Udovenko's ("Udovenko") Motion to Quash Subpoena to Testify and Produce Evidence ("Motion to Quash") (ECF No. 1).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion without prejudice.

Udovenko's Motion relates to City of Almaty, Kazakhstan, et al. v. Felix Sater, et al., No. 19-cv-2645-AJN-KHP (S.D.N.Y. filed Mar. 25, 2019), a case currently pending in the United States District Court for the Southern District of New York. On August 23, 2019, the plaintiffs in that case, the City of Almaty, Kazakhstan and BTA Bank JSC (here, "Respondents"), effected two subpoenas against Udovenko, compelling him to testify in a deposition and produce certain documents pertaining to the case. (See Resp'ts' Opp'n Mot. Quash Subpoena ["Opp'n"] Ex. A ["Subpoenas"] at 2, ECF No. 6-1).[2] The subpoenas directed Udovenko to produce the documents at the New York office of Respondents' counsel by September 13, 2019, and to appear for a deposition in Washington, D.C. on September 27, 2019. (Id. at 3, 5).

On September 11, 2019, Udovenko filed a Motion to Quash in the United States District Court for the District of Maryland, commencing a new civil action before this Court. (ECF No. 1). On September 30, 2019, Respondents filed a Memorandum of Law in Opposition to Udovenko's Motion to Quash. (ECF No. 6). To date, the Court has no record that Udovenko filed a Reply.

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. Specifically, Rule 45(d)(3)(A) provides that "the court for the district where compliance is required" must rule on a motion to quash. In general, "courts look to the subpoena to determine where compliance is required." Ellis v. Arrowood Indem. Co., No. 2:14-MC-00146, 2014 WL

---

[1] Also pending before the Court is Udovenko's Motion for Leave to Correct Case Docket Number on Motion Quash Subpoena (ECF No. 5). Because the Court will deny Udovenko's Motion to Quash without prejudice and close this case, the Court will deny Udovenko's Motion for Leave as moot.

[2] Citations to page numbers refer to the pagination the Court's Case Management/Electronic Case Files ("CM/ECF") system assigned.

4365273, at *3 (S.D.W.Va. Sept. 2, 2014) (citation omitted). As such, several federal district courts have held that the proper court to resolve a motion to quash a subpoena that requires a person to testify at a deposition is the court in the district where the deposition is set to take place. See, e.g., Wultz v. Bank of China, Ltd, 304 F.R.D. 38, 43 (D.D.C. 2014) (finding that compliance was required in District of Columbia, where subpoena was served and where subpoena commanded attendance); Woods ex rel. U.S. v. SouthernCare, Inc., 303 F.R.D. 405, 405 (N.D.Ala. 2014) (permitting review of motion to quash subpoena in Northern District of Alabama because deposition was set to take place within same judicial district); Semex All. v. Elite Dairy Genomics, LLC, No. 3:14-CV-87, 2014 WL 1576917, at *1 (S.D.Ohio Apr. 18, 2014) (finding that Ohio court lacked jurisdiction because subpoena commanded person to appear in Illinois). Likewise, the court of compliance for a subpoena that compels a person to produce documents is the court in the district where the documents are to be produced. See, e.g., Westmore Equities, LLC v. Vill. of Coulterville, No. 3:15-CV-241-MJR-DGW, 2016 WL 695896, at *2 (S.D.Ill. Feb. 22, 2016) (finding that place of compliance was Springfield, Illinois because subpoena directed party to produce documents to PO box in Springfield); U.S. Risk Ins. Grp., Inc. v. U.S. Risk Mgmt., LLC, No. 3:11-CV-2843-M-BN, 2014 WL 4055372, at *1 (N.D.Tex. Aug. 15, 2014) (holding that court of compliance was Northern District of Texas because subpoena commanded production of documents in Dallas, Texas).

Udovenko's Motion does not affirmatively address whether this Court is the court of compliance under Rule 45(d)(3)(A).[3] Nonetheless, the cover letter accompanying Udovenko's Motion notes that "[c]ompliance with a Subpoena is commanded in Maryland where the Third Party being subpoenaed [Udovenko] resides, which residence falls under jurisdiction of the U.S. District Court [for] the District of Maryland, which is a district other than the district where the underlying action is pending." (Cover Ltr. to Mot. Quash, ECF No. 1-2). Presumably, Udovenko's position is that the District of Maryland is the proper court to resolve his Motion to Quash because he is a resident of Maryland.

However, the district where the recipient of the subpoena resides is not relevant to this Court's determination of the place of compliance under Rule 45(d)(3)(A). But see Agincourt Gaming, LLC v. Zynga, Inc., No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *4 (D.Nev. Aug. 15, 2014) ("Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person."). At bottom, this Court lacks jurisdiction to decide Udovenko's Motion because it is not the court for the district where compliance is required—that is, the district in which the deposition will occur or where the documents will be produced. As Respondents correctly note, the proper court to review Udovenko's Motion is the United States District Court for the District of Columbia because Udovenko's deposition is set to occur in Washington, D.C.[4] Accordingly, the Court will deny Udovenko's Motion without prejudice.

---

[3] Udovenko spends the entirety of his two-page Motion to Quash arguing that the subpoenas are improper because they are politically motivated, impose an undue burden on him, and are not reasonably calculated to lead to the discovery of admissible evidence. Because the Court finds that it lacks authority to rule on the merits of Udovenko's Motion, the Court declines to reach these arguments.

[4] Although Udovenko styles his Motion as one challenging both the subpoena to testify and the subpoena to produce evidence, Udovenko nonetheless responded to the document

For the foregoing reasons, Udovenko's Motion to Quash (ECF No. 1) is DENIED WITHOUT PREJUDICE. Udovenko's Motion for Leave to Correct Case Docket Number on Motion Quash Subpoena (ECF No. 5) is DENIED AS MOOT. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly and CLOSE this case.

                                              Very truly yours,

                                              /s/
                                            George L. Russell, III
                                            United States District Judge

---

subpoena on September 14, 2019, stating that he has no responsive documents. (See Opp'n Ex. B ["Movant's Objs. & Resps. Req. Docs."], ECF No. 6-2). As such, Udovenko's challenge to Respondents' request for documents is moot. In any event, the Court notes that the U.S. District Court for the Southern District of New York would be the appropriate court to rule on Udovenko's Motion as to the document subpoena, as it is both the court in the district where the documents would be produced as well as the court that issued the subpoenas in the first instance. See Fed.R.Civ.P. 45(f).